UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARRELL PHILLIP LOGAN,

Plaintiff,

v.

SANTA CLARA COUNTY SUPERIOR COURT, *et al.*

Defendants.

Case No.  2:26-cv-1129-DC-JDP (PS)

ORDER

Darrell Phillip Logan ("plaintiff"), proceeding pro se, brings this action against the Santa Clara County Superior Court, the Santa Clara County Department of Child Support Services, a registered nurse named Selecia Ann Kendrix, and an indeterminate number of "Doe" defendants. ECF No. 1 at 2.  The complaint is non-compliant with the Federal Rules of Civil Procedure because it does not adequately apprise each defendant of the claims being made against them. Indeed, the allegations are set forth in a disorganized, stream of consciousness style that neither I, nor any defendant, could reasonably be expected to understand.  I will dismiss the complaint with leave to amend so that plaintiff may better explain the nature of his claims against each defendant. Additionally, I will grant his application to proceed *in forma pauperis*, ECF No. 2.

1

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

As noted above, plaintiff's complaint is structurally deficient. The Federal Rules of Civil Procedure are not demanding, but they require a claimant to apprise each defendant of the claims being made against them. *See* Fed. R. Civ. P. 8(a)(2). Here, plaintiff's complaint, over roughly twenty-three pages, meanders through events occurring in the early nineteen-nineties, ECF No. 1

2

at 7-8, and events occurring in 2024, *id.* at 9-12. Plaintiff describes potential wrongdoing by the United States Department of State with respect to his passport, *id.* at 5-6, references the Fugitive Slave Act of 1850, *id.* at 11, and alleges that a state court judge "did gross/negligence." *Id.* at 10. From this jumble of allegations, I cannot tell what the underlying basis for plaintiff's claims is, or how each defendant allegedly violated his rights.

I will dismiss the complaint with leave to amend so that plaintiff may address these deficiencies. His amended complaint must be submitted on the form included with this order, be titled "First Amended Complaint," and be complete in itself without reference to other filings. If plaintiff fails to file an amended complaint within the deadline, I will recommend that this action be dismissed for failure to prosecute.

Accordingly, it is ORDERED that:

1. Plaintiff's complaint, contained in ECF No. 1, is DISMISSED with leave to amend.

2. Within twenty-one days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

5. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

IT IS SO ORDERED.

Dated:    June 24, 2026                          _____
                                                 JEREMY D. PETERSON
                                                 UNITED STATES MAGISTRATE JUDGE

3