UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL PHILLIP LOGAN,<br>Plaintiff,<br>v.<br>SANTA CLARA COUNTY SUPERIOR COURT, *et al.*<br>Defendants. | Case No. 2:26-cv-1129-DC-JDP (PS)<br><br>ORDER |

Darrell Phillip Logan, proceeding pro se, alleges in his second amended complaint that defendants Santa Clara County Superior Court and a registered nurse named Selecia Ann Kendrix violated his rights. As with before, plaintiff's complaint is non-compliant with the Federal Rules of Civil Procedure because it does not adequately apprise each defendant of the claims being made against them and often the claims asserted have no discernable connection to either defendant. I will dismiss the complaint with leave to amend, but should plaintiff file a third amended complaint, he should make efforts to include factual allegations giving rise to the wrongdoing he complains about.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

As with his previous complaint, plaintiff details events occurring in multiple courthouses and across multiple counties starting as far back as 1992. *See generally* ECF No. 9. For example, plaintiff complains about "uncovered acts of slave debt/peonage taking type of conduct by the California State Franchise Tax Board" in 2024, *id.* at 3-4, and in the same paragraph he claims that the "Superior Court of California, Santa Clara County put a Lein on Plaintiff's property: using case 1992-DA-010340, has taken earned wages, unemployment, workman compensation payments and legal settlement earnings from October 10, 1992, to present day continues," *id.* at 4.

As an initial matter, the allegations in the complaint are too vague to proceed. The limited

allegations are insufficient to put defendants on notice of plaintiff's claims and of the factual basis for them. *See Jones v. Cnty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim."). Factual specifics are needed.

Another fundamental flaw is the claims appear to be unrelated. Plaintiff claims issues starting in 1992 with a child support payment, but he fails to connect any wrongdoing associated with that incident with his claims against defendant nurse Kendrix. Multiple, unrelated claims against more than one defendant belong in separate suits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

I will finally note concern with the bases for plaintiff's claims. For instance, plaintiff states that several of his claims are brought under 18 U.S.C. §§ 241, 242. However, those federal criminal statutes do not provide private rights of action. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding that there is no private right of action under 18 U.S.C. § 241).

I will dismiss the complaint with leave to amend so that plaintiff may address these deficiencies. His amended complaint must be submitted on the form included with this order, be titled "Third Amended Complaint," and be complete in itself without reference to other filings. If plaintiff fails to file an amended complaint within the deadline, I will recommend that this action be dismissed for failure to prosecute.

Accordingly, it is ORDERED that:

1. Plaintiff's second amended complaint, ECF No. 9, is DISMISSED with leave to amend.

2. Within twenty-one days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated: September 2, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE